[No. 8990. Department Two.—June 1, 1885.]

## A. H. ROSE, Respondent, *v.* LOUIS FELDMAN, Appellant.

Pleading—Guaranty.—A complaint on a written guaranty purporting to be signed by a firm, the action being against a single defendant, does not state a cause of action as to him without showing that he alone is bound by the guaranty; and it is not sufficient to allege that he agreed to give the guaranty, and that he signed it himself.

Appeal from a judgment of the Superior Court of the city and county of San Francisco on default of the defendant in failing to answer after demurrer overruled.

The facts sufficiently appear in the opinion of the court.

*F. A. Berlin,* for Appellant, cited *Witlock* v. *McKechnie,* 1 Bosw. 427; *Cotes* v. *Campbell,* 3 Cal. 191; *Stearns* v. *Martin,* 4 Cal. 227; *Murdock* v. *Clarke,* 59 Cal. 683; *Carrier* v. *Cameron,* 31 Mich. 373.

*A. C. Adams,* for Respondent.

SHARPSTEIN, J. — The plaintiff alleges in his complaint that he leased certain premises for a specified period to one Ardrey for the sum of $600, and that the defendant guaranteed the payment thereof. The complaint contains what is alleged to be a copy of the guaranty, and it is signed " L. Feldman & Co." Whether that, in connection with the allegations that the defendant, "at the time of said hiring and letting of said land and premises, then and there agreed in writing, to and with said plaintiff, to guarantee to him, said plaintiff, the payment of said $600," and that " the said guaranty of said defendant for the payment of said $600 rent was then and there written and duly signed by said defendant," is sufficient to render the defendant *individually* liable for said rent, is the principal, if not the only question which we have to consider on this appeal.

Does it sufficiently appear by the allegations of the complaint that the defendant was the guarantor? If so, the demurrer was properly overruled ; otherwise, it should have been sustained. The complaint does not show that there was not such a firm as " L. Feldman & Co.," or that the defendant was not authorized to write and sign said guaranty for said firm ; or that the defendant did business in the name of " L. Feldman & Co." Consistently with the allegations of the complaint there might have been such a firm, and the defendant might have been authorized to write and sign for it the guaranty sued on in this action. If a copy of the guaranty had not been incorporated in the complaint, it would sufficiently appear that the defendant was the guarantor. But the written guaranty does not purport to be his, but that of " L. Feldman & Co." If the copy had been omitted, and the allegations of the complaint denied, could the plaintiff have introduced that guaranty in evidence? We think not. And if not, it is quite clear that the complaint does not state facts sufficient to constitute a cause of action. In other respects we think the complaint sufficient.

Judgment reversed, with directions to the court below to sustain the demurrer, with leave to the plaintiff to amend within ten days after being notified thereof.

THORNTON, J., and MYRICK, J., concurred.

Hearing in Bank denied.